Josephine Smith *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 6—305.]

**Defendant's Right to Be Present at the Trial.**

Where one is tried for a felony and attends the trial but runs away from the courtroom when the jury retire, and is absent when the jury returns the verdict, and is not arrested for four years there-

after, he is not entitled to a reversal of the judgment on appeal on account of his absence at the verdict.

## APPEAL FROM HARDIN CIRCUIT COURT.

September 4, 1884.

OPINION BY JUDGE LEWIS:

Appellant, having been indicted for a felony, was in October, 1881, tried and by the verdict of a jury found guilty and his punishment fixed at confinement in the penitentiary, but judgment of court was not rendered in pursuance of its verdict until May, 1884.

It appears that he was present at his trial until the case was duly submitted to the jury and they had retired to consider of their verdict. But he then absconded and was absent from the courtroom when the verdict of the jury was returned and received by the court. His voluntary absence at that time is now made one of the grounds for a reversal of the judgment. Even if the court had, under the criminal code, power to revise the alleged error of the court below, the voluntary absence of appellant in defiance of law and of the authority of court at that time would afford no ground for reversal.

The second ground relied on for reversal is that the judgment was not rendered until 1884. Criminal Code 1876, § 285, provides that "judgment shall not be rendered against a defendant in cases of felony except in his presence. If he be in custody he shall be brought into court by the proper officer and if not in custody a bench warrant shall be issued for his arrest similar to the bench warrant on indictment." In this case bench warrants were issued from time to time, but appellant was not arrested and brought into court until May, 1884, when for the first time the court could, according to law, render judgment in pursuance of the verdict. The code in the section mentioned provides simply for cases of this kind, and was literally complied with by the court below.

As it does not appear that any objection was made to the introduction of the attorney for the appellant as a witness for the commonwealth it is not necessary to consider the question raised in regard thereto.

The judgment is *affirmed.*

*H. T. Wilson, for appellant.*

*P. W. Hardin, for appellee.*